| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>EFCG, INC.,<br><br>                        Plaintiff,<br><br>                 v.<br><br>AEC ADVISORS, LLC, ANDREJ AVELINI,<br>JOSHUA LAHRE, TYLER ALBRIGHT,<br>AND JOSEPH SMETONA,<br><br>                        Defendants. | **USDC-SDNY**<br>**DOCUMENT**<br>**ELECTRONICALLY FILED**<br>**DOC#:**<br>**DATE FILED:** 4-16-20<br><br><br>19-CV-8076 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

      The Court is in receipt of Defendants' letter, indicating that the exhibits submitted in connection with their motion to dismiss Plaintiff's amended complaint were "transmit[ted] . . . under seal." Defendants' justification for sealing is that Plaintiff produced these exhibits to them "with a 'Confidential' designation." Defendants, however, have not identified the reasons why sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although sealing may be appropriate with respect to certain confidential information, Defendants must nonetheless show why sealing here overcomes the "strong presumption of public access" that exists in federal courts. *See NRW, Inc. v. Bindra*, No. 12 Civ. 8555 (RJS), 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013) (citation omitted); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.") (citation omitted). This is particularly true

where the documents are submitted in support of a motion to dismiss.  *See Ablyazov*, 2019 WL 4747654, at *5; *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018).

Accordingly, no later than April 23, 2020, Defendants shall provide the Court with the reasoning for why, under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sealing these exhibits is justified.  Should Defendants wish to submit proposed redactions more narrowly tailored to the interests they seek to protect, they shall do so no later than April 23, 2020, but they must also provide the Court with the reasoning for why such redactions are appropriate under the *Lugosch* standard.  If Defendants no longer seek to file the exhibits under seal, they shall file complete and unredacted versions on the docket no later than April 23, 2020.

SO ORDERED.

Dated:   April 16, 2020
         New York, New York

                                          RONNIE ABRAMS
                                          United States District Judge