# O'Hare Parnagian LLP

20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
Fax: (212) 425-1421
www.ohareparnagian.com

Westchester Office
700 White Plains Road, Suite 255
Scarsdale, NY 10583
(914) 725-3632
Fax: (914) 725-3639

```
┌────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____          │
│ DATE FILED:_____5/28/20____      │
└────────────────────────────────┘
```

May 22, 2020

Via ECF
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

# MEMO ENDORSED

> Re:   *EFCG, Inc. v. AEC Advisors, LLC et al.*- 19-CV-8076 (RA)

Dear Judge Abrams:

This firm, along with Mauriel Kapouytian Woods LLP, represents Plaintiff EFCG, Inc. ("EFCG") in the above-referenced action.  We respectfully submit this letter to apprise the Court of an important recent development and to request the Court's approval of a status quo procedure (the "Status Quo Procedure") to protect EFCG's copyright while this case is pending.

As the Court knows, one of EFCG's claims in this action is that Defendants are infringing on EFCG's copyrighted survey by their dissemination of a substantially similar survey in connection with Defendants' competing business:  AEC Advisors LLC ("AECAL").  See Amended Complaint Ex. 2 (the "AECAL survey").  In anticipation that Defendants would again disseminate an infringing survey prior to their annual CEO summit this September, we advised the Court at the May 1 conference that EFCG intended to seek an expedited schedule to allow time for the Court to resolve the copyright infringement issue sufficiently ahead of Defendants' 2020 summit.  As the Court may recall, Defendants' counsel responded that "because of the COVID crisis the September conference ha[d] been canceled" and dismissed EFCG's concern.

However, after the May 1 conference, Defendants' counsel informed EFCG that Defendants, in fact, still plan to conduct their 2020 chief executive summit on-line on September 15, 2020 (the "September 15 Summit").  Subsequently, by letter dated May 20, 2020 from Defendants' counsel, Defendants represented that they would not disseminate the infringing AECAL survey in its original form in advance of the September 15 Summit.  However, Defendants told EFCG that they will nevertheless disseminate a survey in advance of the September 15 Summit.  Defendants claim that their new survey will not be "the survey that is the subject of Plaintiff's complaint," but it will be in "a different form, yet to be created."

O'Hare Parnagian llp

The Honorable Ronnie Abrams
May 22, 2020
Page 2

       EFCG had proposed a new discovery schedule on condition that Defendants agree not to disseminate the AECAL survey in advance of the September 15 Summit.  However, as Defendants have now represented that they still intend to disseminate some form of survey, EFCG is concerned that Defendants' survey may still infringe EFCG's copyright but defeat EFCG's ability to timely seek appropriate relief from the Court in advance of their September 15 Summit.  Thus, EFCG is immediately bringing this issue to the Court's attention to preserve EFCG's rights and maintain the status quo.

       In light of Defendants' confirmation that they still plan to disseminate another survey ahead of their September 15 Summit, we believe that the most reasonable and effective approach to preserve the status quo while EFCG's copyright claim is pending is for the parties to work together, under the Court's supervision, to ensure that any survey that Defendants distribute for their September 15 Summit does not infringe EFCG's copyrighted work.  To that end, we propose the following Status Quo Procedure:  (1) Defendants shall disclose their proposed 2020 survey to EFCG at least one month before disseminating the survey to any third parties, including customers, potential customers, and attendees and potential attendees of the September 15 Summit; (2) the parties shall have one week from the disclosure to meet-and-confer on whether Defendants' proposed survey can be rendered non-infringing; (3) if the parties cannot reach an agreement during that week, EFCG shall have one week to seek an order from the Court preventing Defendants from disseminating the survey; and (4) if EFCG raises the issue with the Court, Defendants shall have one week to respond.  The Court can then make its decision following a hearing if the Court deems one to be useful.

       Because Defendants claim that there is no survey yet and because they have not disseminated it, Defendants cannot claim any harm or hardship.  Moreover, if and when Defendants actually create their new survey, EFCG's proposed interim Status Quo Procedure would not harm Defendants.  Depending on what they mean by "a different form," Defendants appear to say that they will be creating a revised survey anyway.  While EFCG's proposed Status Quo Procedure would deny Defendants the use of a survey that is substantially similar to EFCG's copyrighted work, the law does not recognize this type of hardship.  *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) ("[A]n infringer of copyright cannot complain about the loss of ability to offer its infringing product") (citation omitted); *Broad. Music, Inc. v. Wexford INR LLC*, 2014 WL 4626454, at *9 (N.D.N.Y. Sept. 15, 2014) ("defendants do not suffer hardship when required to comply with the law").

       On the other hand, an early resolution of this issue protects EFCG's legal rights and prevents irreparable harm to EFCG.  Courts in this district have repeatedly recognized that repeated infringement causes irreparable harm to a copyright owner that warrants injunctive relief.  *See, e.g.*, *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 385 (S.D.N.Y. 2014) ("[T]he critical question for a district court in deciding whether to issue a permanent injunction is whether there is a reasonable likelihood that the wrong will be repeated") (internal citations and quotations omitted); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011) ("A plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright(s)")

O'Hare Parnagian llp

The Honorable Ronnie Abrams
May 22, 2020
Page 3

(internal quotations omitted).  Defendants' dissemination of their infringing survey in 2019 already significantly harmed EFCG.  They should not be allowed to repeat that wrong.

Any argument by Defendants that this issue has already been decided in connection with EFCG's motion for a preliminary injunction would be meritless.  Defendants are purporting to create a new survey, supplanting the previous AECAL survey.  Furthermore, in September 2019, the Court determined that EFCG could have sought an injunction sooner and that Defendants had already disseminated the AECAL survey.  Given that the survey had already been disseminated, all of the attendees had already filled it out and discussed the survey, and the conference was scheduled to be held within 19 days of the prelimary injunction motion, the Court weighed irreparable harm and a balance of the hardships against an injunction.  Sept. 12, 2019 Tr. at 31:2-7.  In contrast, EFCG is now raising this issue within forty-eight hours of having been first apprised of a "yet to be created" new survey.  And EFCG is also bringing the matter to the Court's attention four months in advance of Defendants' September 15 Summit, i.e. (1) before any AECAL survey has been disseminated, (2) indeed before its alleged anticipated creation, and (3) therefore before any attendee has filled out or discussed such a survey.

For the foregoing reasons, EFCG respectfully requests that the Court adopt the above proposed Status Quo Procedure to guide Defendants' planned dissemination of a survey in connection with the virtual September 15 Summit.

Respectfully submitted,

/s/ Robert A. O'Hare Jr.

Robert A. O'Hare Jr.

cc:     All counsel of record

---

Plaintiff's letter-motion at Dkt. No. 74 is within the scope of my amended reference. (Dkt. No. 75.) Plaintiff shall promptly meet and confer in good faith and in "real time" with defendants concerning the relief requested, and shall then file a supplemental letter, no later than June 3, 2020, limited to three pages: (a) certifying that the parties met and conferred as required; (b) stating whether and to what extent defendants consent to the proposed procedure; and (c) if defendants do not consent, identifying the statute, rule or legal principle that authorizes this Court to "preserve the status quo" and "prevent[] irreparable harm to EFCG" through the proposed procedure. Defendants may submit a responding letter no later than June 10, 2020, limited to four pages. Plaintiff may file a reply letter no later than June 12, 2020, limited to two pages. Attachments, if essential to the parties' arguments, will not count against the page limits but should be kept to a minimum. SO ORDERED.

_____

BARBARA MOSES
United States Magistrate Judge
May 28, 2020