

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFCG, INC.,

        Plaintiff,

   -against-

AEC ADVISORS, LLC, et al.,

        Defendants.

19-CV-8076 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      The Court has received and reviewed plaintiff's letter-motion dated May 21, 2020 (Dkt. No. 73) seeking an order compelling defendants to (a) re-date, re-title, and re-serve their amended responses to plaintiff's document requests, interrogatories, and requests for admission (RFAs), redlined against defendants' original responses; (b) identify the grounds for their "scope" objections to plaintiff's RFAs; (c) produce electronically stored information (ESI) by a date certain; (d) provide a "listing of files" on defendants' "new phones and new laptops, "with metadata, so that EFCG may inspect the files without reviewing their content"; and (e) serve a privilege log.

      The Court has also reviewed defendants' opposition letter dated May 27, 2020 (Dkt. No. 76), which also appears to request affirmative discovery relief in the form of an order directing plaintiff to (a) remove "irrelevant and nonresponsive documents" from its production; (b) remove all improperly applied confidentiality designations; and (c) produce the "document logs" and "login registries" that would evidence any remote access to plaintiffs' servers.

      The Court has also reviewed plaintiff's reply letter dated May 29, 2020 (Dkt. No. 78), which characterizes defendants' position as "the height of chutzpah."

      Neither side has submitted copies of the written discovery requests or responses at issue, as required by Moses Ind. Prac. § 2(b).

      It hereby **ORDERED** that Judge Moses will hold a telephonic discovery conference on **June 16, 2020, at 11:30 a.m.** At that time, the parties shall call 888-557-8511 and enter the access code 7746387. In advance of the conference, and no later than **June 11, 2020**, the parties shall file a joint letter on ECF, limited to five pages (exclusive of attachments), in which they:

1.    Certify that they have met and conferred in good faith and in real time (*e.g.*, by telephone or videoconference; an exchange of emails is not adequate) in an effort to resolve the disputes described above;

2.    Succinctly describe each dispute (or portion thereof) that they have been unable to resolve among themselves, including the precise relief requested, <u>without argument</u>;

3.    Attach copies of the underlying discovery requests or responses at issue, clearly

> marked to show which specific requests remain in dispute;

4. Attach copies of any relevant discovery orders issued in the related state court proceeding; and

5. Propose a concrete schedule for the remainder of discovery. If the parties disagree as to any elements of that schedule, the letter should set out the competing scheduling proposals in a side-by-side format, <u>without argument</u>.

It is the Court's intention to resolve the parties' discovery and scheduling disputes based on the letters submitted, together with any argument presented at the June 16 conference, unless a party shows good cause why more formal briefing is required.

Dated: New York, New York
June 2, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**