
Case 1:19-cv-08076-RA-BCM   Document 98   Filed 07/20/20   Page 1 of 12

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| EFCG, INC., | : |
|                            Plaintiff, | : |
| - against - | : |
| AEC ADVISORS, LLC, ANDREJ AVELINI, JOSHUA LAHRE, TYLER ALBRIGHT, JOSEPH SMETONA, | : |
|                          Defendants. | : |

1:19-cv-08076(RA)(BCM)

**STIPULATED**
**PROTECTIVE ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

      1.      This stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents," "Testimony," or "Discovery Material").

      2.      Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential Information" or "Attorneys' Eyes Only Information," either by notation on each page of the Document so designated, statement on


1

the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Attorneys Eyes Only" information means "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that disclosure to persons other than those identified in paragraph 6 below is highly likely to cause significant harm to the business or competitive position of the Producing Party's business.

(c) "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" or "Attorneys' Eyes Only Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(d) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" or "Attorneys' Eyes Only Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may at any time prior to the trial of this action notify the Producing Party in writing that the Receiving Party does not concur in the designation of a

document or other material as Confidential Information or Attorneys' Eyes Only Information. If agreement cannot be reached within seven (7) days, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

5.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information or Attorneys' Eyes Only Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d) the Court and its staff;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(g) any other person agreed to by the Producing Party.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Information shall not be furnished, shown or disclosed to any person or entity except those identified in paragraphs 5(b) – 5(g), above.

7. Confidential Information or Attorneys' Eyes Only Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

8. Before any disclosure of Confidential Information or Attorneys' Eyes Only Information is made to an expert witness or consultant pursuant to paragraph 5(c) or 6 hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Protective Order and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

10. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information or Attorneys' Eyes Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as

appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or Attorneys' Eyes Only Information.

11. This Protective Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or Attorneys' Eyes Only Information under the terms hereof. Any deposition witness who is given access to Confidential Information or Attorneys' Eyes Only Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Protective Order, a witness refuses to execute the agreement to be bound by this Protective Order, the Court shall, upon application, enter an order directing the witness's compliance with the Protective Order.

12. A Party may designate as Confidential Information or Attorneys' Eyes Only Information subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-

party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

13. Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that so-designated material will be filed with the Court under seal. The parties shall follow § 3 of Judge Moses's Individual Practices with respect to pretrial requests for filing under seal.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or Attorneys' Eyes Only or sealed during pretrial proceedings.

15. Any person receiving Confidential Information or Attorneys' Eyes Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information or Attorneys' Eyes Only Information so as to prevent unauthorized disclosure.

16. Any document or information that may contain Confidential Information or Attorneys' Eyes Only Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 12 of this Protective Order, may be so designated, at any time prior to the trial of this action, by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Extracts and summaries of Confidential Information or Attorneys' Eyes Only Information shall also be treated as confidential in accordance with the provisions of this Protective Order.

18. The production or disclosure of Confidential Information or Attorneys' Eyes Only Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Protective Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information or Attorneys' Eyes Only Information designation shall not preclude a subsequent challenge thereto.

19. This stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the applicable law.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney client privilege, attorney work product protection, or other applicable privilege, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of

privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

22.     If a disclosing person makes a claim of inadvertent disclosure, all Receiving Parties shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

23.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

24.      If a Receiving Party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

25.     This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

26.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27.     This Protective Order shall survive the termination of the litigation.  Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all

Confidential Information and Attorneys' Eyes Only Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed.  In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

      28.    If a Receiving Party is called upon to produce Confidential Information or Attorneys' Eyes Only Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Attorneys' Eyes Only Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or Attorneys' Eyes Only Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party

to this stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

29. This stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

**SO STIPULATED**.

| | |
|---|---|
| O'HARE PARNAGIAN LLP | LAW OFFICE OF GLENN J. CHRISTOFIDES |
| By: */s/Robert A. O'Hare Jr.*_____<br>     Robert A. O'Hare Jr.<br>     Michael Zarocostas | By: */s/ Glenn J. Christofides*_____<br>     Glenn J. Christofides<br>     Dennis J. Monaco |
| 20 Vesey Street, Suite 300<br>New York, NY 10007<br>(212) 425-1401<br>(212) 425-1421 (f)<br>rohare@ohareparnagian.com | 12 Del Mar Way<br>Monroe, New Jersey 08831<br>--<br>20 West Lake Drive<br>Tuxedo Park, New York 10987<br>(732) 609-7187<br>gjctax@outlook.com |
| *Attorneys for Plaintiff EFCG, Inc.* | *Attorneys for Defendants AEC Advisors LLC, Andrej Avelini, Joshua Lahre, Tyler Albright, and Joseph Smetona* |
| Dated: July 17, 2020 | Dated: July 17, 2020 |

**SO ORDERED.**

*[signature]*

**BARBARA MOSES**
**United States Magistrate Judge**
Dated: July 20, 2020

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EFCG, INC.,

                      Plaintiff,

              - against -

AEC ADVISORS, LLC, ANDREJ AVELINI,
JOSHUA LAHRE, TYLER ALBRIGHT,
JOSEPH SMETONA,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:19-cv-08076(RA)(BCM)

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulated Protective Order (the "**Protective Order**") entered in the above-entitled action on _____.

4. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information or Attorneys' Eyes Only Information that is disclosed to me.

7. I will return all Confidential Information or Attorneys' Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for

the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Attorneys' Eyes Only Information.

8. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____