UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



EFCG, INC.,

              Plaintiff,

    -against-

AEC ADVISORS, LLC, et al.,

              Defendants.

19-CV-8076 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed (1) plaintiff's letter-motion dated August 28, 2020 (Dkt. No. 120), seeking an order requiring defendants to proceed with depositions and produce certain discovery requested months ago, and (2) defendants' letter-motion dated September 4, 2020 (Dkt. No. 123), seeking an order directing plaintiff to "cease interfering" with a subpoena served on plaintiff's former IT vendor TOPIT, as well as (3) the responses thereto. (Dkt. Nos. 127, 129.)

Reply letter-briefs as to both motions may be filed on or before **September 14, 2020**.

The Court notes that defendants' September 4 letter-motion does not confirm that the parties met and conferred in good faith before defendants sought judicial intervention, as required by Moses Ind. Prac. § 2(b). *See also* Order dated May 4, 2020 (Dkt. No. 70) ¶ 1. The parties are hereby directed to meet and confer in real time, by telephone or videoconference (a further exchange of emails is not sufficient) in a good faith effort to resolve or narrow their disputes, **prior to the service of any reply letter-briefs**.

As to the September 4 letter-motion, the Court further notes that the alleged interference with the TOPIT subpoena appears to be limited to materials as to which plaintiff intends to (a) assert its own privilege and (b) prepare a corresponding privilege log. If the privilege at issue belongs to EFCG – for example, the attorney-client privilege – EFCG not only may but must assert it. *See, e.g.*, *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) ("Because Orascom was claiming a privilege regarding the material sought in the subpoena, it had standing to challenge the subpoena served on White & Case LLP"); *Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 410-11 (S.D.N.Y. 2004) ("[a] party has standing to raise privilege objections to documents sought from a third party"). Correspondingly, TOPIT cannot waive EFCG's privilege. *See, e.g., Winans v. Starbucks Corp.*, 2010 WL 5249100, at *3 (S.D.N.Y. Dec. 15, 2010) (the attorney-client privilege "belongs to the corporation alone" and "may be waived only by corporate officers or directors with the authority to do so"). The cases cited by defendants thus appear to be inapposite. *See, e.g.*, *Fox Indus., Inc. v. Gurovich*, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006) (sanctioning defendants for informing three non-parties that the subpoenas they received were "null and void" and instructing them not to comply).

Moreover, while it appears that TOPIT did not object within 14 days of service of the subpoena, *see* Fed. R. Civ. P. 45(d)(2)(B), that deadline "does not apply" to EFCG. *Univ. Sports Publications Co. v. Playmakers Media Co.*, 2011 WL 1143005, at *3 (S.D.N.Y. Mar. 21, 2011) (accepting plaintiff's motion to quash subpoena served on nonparty where basis of motion was privilege belonging to plaintiff and where, although motion to quash was made four weeks after service of the subpoena, defendants did not show any resulting prejudice); *accord Hutchins v. Palmer*, 2015 WL 13713335, at *14 (E.D.N.Y. Mar. 31, 2015).

As to the August 28 letter-motion, the Court reminds the parties that depositions were due to be completed by August 31, 2020. (Dkt. No. 85.)  It does not appear that any party moved to extend that deadline prior to its expiration, as required. *See* Moses Ind. Prac. § 2(a). To the extent a party now seeks a belated extension (with or without specific directions for the sequencing of depositions), that party must – after meeting and conferring with the adversary – present a proposed Revised Scheduling Order. *See id.*

To the extent the issue is whether defendants properly noticed the deposition of Mr. Zofnass, the party seeking relief must attach the underlying notices and objections. *See* Moses Ind. Prac. § 2(b). To the extent the issue is whether Mr. Zofnass's health precludes his deposition, that claim must be made by the witness himself, and must be supported by admissible medical evidence. *See, e.g.*, *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2020 WL 4041058 (S.D.N.Y. July 17, 2020) (denying motion to quash deposition subpoena for witness diagnosed with stress-induced epilepsy where witness failed to submit properly authenticated medical records or otherwise bear the "heavy burden" of demonstrating good cause for an order prohibiting the deposition).

It is the Court's hope and expectation that, upon reflection, and after further good-faith discussions, the parties will either resolve their disputes or substantially narrow them. In their reply letter-briefs, the parties shall (a) confirm their compliance with the directions set forth above; (b) advise the Court as to what issues (if any) remain unresolved and precisely what relief is requested as to those issues; and (c) attach any discovery notices, responses, or proposed orders necessary for the Court to resolve those remaining disputes.

It is hereby ORDERED that the Court will conduct a discovery conference as to both letter-motions on **September 17, 2020, at 10:00 a.m.** The conference will be conducted over videoconference, via Skype for Business. Chambers will email the link to counsel. A publicly accessible audio line is available to nonparties, including members of the public and the press, by dialing (917) 933-2166 and entering the code 873886130. Nonparties must observe the same decorum as would be expected at an in-person conference, and must mute their telephone lines throughout the proceeding. It is the Court's intention to resolve these discovery disputes at the September 17 conference, based on the letter-briefs submitted, together with any argument presented at the conference, unless a party requests, or the Court directs, more formal briefing.

Dated: New York, New York       **SO ORDERED.**
   September 9, 2020

               _____
               **BARBARA MOSES**
               **United States Magistrate Judge**