

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFCG, INC.,

            Plaintiff,

  -against-

AEC ADVISORS, LLC, et al.,

            Defendants.

19-CV-8076 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated September 8, 2020 (Sept. 8 Sealing Mtn.) (Dkt. No. 128), defendants sought permission to file a discovery-related letter-brief (Sept. 8 Disc. Ltr.) (Dkt. No. No. 129) and exhibits D-1 through D-6 thereto (Dkt. Nos. 129-1 through 129-6) under seal, explaining that the exhibits contain documents marked "Attorneys' Eyes Only" by plaintiff. By Order dated September 29, 2020 (Dkt. No. 137), this Court denied defendants' motion without prejudice to renewal on or before October 6, 2020, subject to a satisfactory explanation as to why the underlying letter and all of its exhibits should be "sealed in toto rather than redacted to protect any arguably sensitive material."

By letter dated October 6, 2020 (Oct. 6 Sealing Mtn.) (Dkt. No. 146), plaintiff (not defendants) filed a "renewed sealing application" with respect to the September 8 Discovery Letter and its exhibits. Plaintiff does not request that the entire filing be sealed. Rather it asks that certain portions of Exhibit D-1 (Dkt. No. 129-1) be redacted from any public filing, because they "discuss EFCG's confidential, commercially sensitive information which might harm EFCG's competitive standing vis-à-vis defendants and other competitors." Oct. 6 Sealing Mtn. at 1. Contemporaneously, plaintiff electronically filed, under seal, a copy of Exhibit D-1 with the proposed redactions highlighted. (Dkt. No. 147.)

By letter dated October 9, 2020 (Dkt. No. 148), defendants opposed plaintiff's renewed sealing application, arguing that the redactions "relate to documents that have already been

publicly disseminated . . . or documents that do not represent trade secrets or confidential information." In their reply letter dated October 13, 2020 (Dkt. No. 149), plaintiff argues, among other things, that the redacted information is "indeed confidential, [was] not publicly disseminated, and constitute[s] EFCG's trade secrets."

Exhibit D-1 is a "judicial document" as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), to which a presumption of public access attaches. However, the weight of the presumption is not great in this case, as (1) the exhibit was filed in support of a discovery motion, rather than a motion going to the merits of the case; and (2) the primary purpose of the exhibit appears to have been to demonstrate that portions of the discovery dispute were already pending in a related action in New York Supreme Court, New York County (the State Court) where, according to defendants, they were "set to be addressed" the following day. Sept. 8 Disc. Ltr. at 1. The exhibit consists of a copy of a document entitled "Letter Pursuant to Rule 11 of the Commercial Part Practice Rules," which was filed in State Court, together with various attachments. Defendants' narrowed sealing motion extends only to certain of those attachments, which were also redacted – or sealed entirely – in State Court.

For this reason, and because the proposed redactions are narrowly tailored to protect the confidentiality of (a) nonpublic information about non-parties (a list of individual client representatives attending EFCG's 30th Annual CEO Conference) and (b) non-public information concerning strategic business discussions between plaintiff and nonparties, the public disclosure of which could harm plaintiff's competitive standing, I conclude that there are sufficient "competing considerations," *Lugosch*, 435 F.3d at 119-20, to warrant the limited sealing order requested. *See, e.g., Awestruck Marketing Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting sealing motion as to client list which "contains sensitive and proprietary information that is not generally publicly available and that, if revealed,

2

could cause significant competitive harm to Plaintiff"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting proposed redactions where "request is narrowly tailored, and because Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access").

It is hereby ORDERED that defendants shall refile the September 8 Discovery Letter and corresponding exhibits in public view after redacting Exhibit D-1 thereto in as requested by plaintiff. Dkt. Nos. 129 and 147 shall remain under seal.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 146.

Dated: New York, New York  
November 9, 2020

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**